IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 27 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01513-OES

C. ELI-JAH HAKEEM MUHAMMAD, a.k.a. CHRISTOPHER MITCHELL,

  Plaintiff,

v.

ADX-STEP DOWN UNIT SCREENING COMMITTEE, et al.,

  Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE A THIRD AMENDED COMPLAINT

---

On August 1, 2005, Plaintiff submitted to the Court a "Declaration in Support of Plaintiff's Motion for a Preliminary Injunction/Protective Order," and a "Memorandum of Law in Support of Motion for a Preliminary Injunction/Protective Order."

Subsequent to Plaintiff filing the Memorandum and the Declaration and the Court directing Plaintiff to file a Prisoner Complaint form and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, on August 16, Plaintiff filed four separate documents that were ordered returned to him. The Court, in the August 24 Order, instructed Plaintiff to refrain from filing a single document that is captioned with multiple civil action numbers. Plaintiff then filed a Prisoner Complaint form on September 8, 2005.

On September 8, 14, and 16, Plaintiff filed "Declaration[s] Under Penalty of Perjury of C. Elijah Hakeem Muhammad," stating that he has exhausted all remedies.

He also filed a "Plaintiff's Motion for Preliminary Injunction and Protective Order," a "Memorandum of Law in Support of Motion for a Preliminary Injunction and Protective Order," and a Prisoner Complaint form on September 14.

On September 16, 2005, Plaintiff filed a "Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction/Protective Order," a "Plaintiff Motion for Preliminary Injunction/Protective Order," and a Prisoner Complaint.

The Court now directs Plaintiff to refrain from filing any redundant or unneeded collateral filings in the instant action. Plaintiff was told by the Court in a previous action, that it is unnecessary for Plaintiff to refer to a separate document as opposed to providing the information on the Complaint form or on additional pages attached to the Court-approved Prisoner Complaint form as needed. *See C. Eli-Jah Hakeem Muhammad, a.k.a. Christopher Mitchell v. BOP Office of Information and Privacy, et al.*, No. 04-cv-02159-ZLW (D. Colo. Apr. 13, 2005) (Not selected for Publication). It is not necessary for Plaintiff to file a separate declaration regarding his exhaustion of administrative remedies. The Court-approved Prisoner Complaint form provides for information regarding the exhaustion of remedies.

With respect to Plaintiff's two Motions for Preliminary Injunction, his three Memorandums, and one Declaration, the documents are in part redundant and in part inclusive of new claims asserted in either the September 14 Amended Complaint or in the September 16 Complaint. Being that Plaintiff is instructed to file a Third Amended Complaint that is inclusive of all claims he intends to raise in the instant action, any request for injunctive relief that he seeks to assert must pertain to the claims that he raises in the Third Amended Complaint.

2

The Court has reviewed each of the Prisoner Complaints. In the first Complaint, filed September 8, Plaintiff raises three claims. He asserts that his due process rights have been denied, because Defendants have used his mental illness as mitigating circumstances for denying him a less restrictive placement in the ADX step-down program. Plaintiff further asserts that ADX Institution Supplement-FLM 5321.06F.(1) violates prisoners' rights under the Fifth Amendment. Plaintiff also alleges that Defendants, in violation of his First Amendment rights, have retaliated against him for filing grievances by using BOP P.S. 5270.07 to keep him in the most restrictive placement in the ADX Behavior Modification Program.

In the Amended Prisoner Complaint filed September 14, Plaintiff asserts new claims and requests that they relate back to the original Prisoner Complaint. In particular, Plaintiff alleges that the ADX Step-Down Unit Screening Committee discriminates against Blacks and Latinos when deciding whether or not prisoners may be placed in a less restrictive program. Finally, in the Prisoner Complaint filed September 16, Plaintiff simply states that he is entitled to declarative relieve, because he has been retaliated against for filing complaints, grievances, and lawsuits.

Plaintiff is instructed that an amended complaint supersedes the original complaint. *See Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985); *Cameron v. Fogarty*, 705 F.2d 676 (2d Cir. 1983); *London v. Coopers & Lybrand*, 644 F.2d 811 (9th Cir. 1981). The Amended Complaint must stand on its own and not refer to or incorporate by reference the original complaint. Each claim must be supported with specific factual allegations that demonstrate how the particular Defendant or Defendants violated Plaintiff's rights. Therefore, the Prisoner Complaint

form submitted on September 16, as the last filed Complaint form supersedes the prior two Complaint forms that Plaintiff submitted. The September 16 Complaint, however, fails to assert claims that rise to the level of a constitutional deprivation.

Furthermore, the named Defendant, ADX Step-Down Unit Screening Committee, is not a person for the purpose of a *Bivens* action. As Plaintiff stated in one of his Memorandums of Law, the Committee is comprised of the associate warden of programs, the associate warden of operations, unit managers, and the captain. (Sept. 16, 2005, Mem.) Plaintiff, therefore, must name as parties to the action each of the members of the committee and demonstrate how each of them personally participated in the asserted violations of his rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).

To establish personal participation, Plaintiff must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Plaintiff will be directed to file a Third Amended Complaint. Plaintiff is instructed that the Third Amended Complaint must contain all alleged claims, a request for relief,

and a listing of all of the named Defendants, in other words, all information requested on the Court-approved Prisoner Complaint form. Accordingly, it is

ORDERED that Plaintiff file, **within thirty (30) days from the date of this Order**, an original and a copy of a Third Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Third Amended Complaint shall be titled, "Third Amended Prisoner Complaint," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Plaintiff a copy of this Order and two copies of the Prisoner Complaint form. It is

FURTHER ORDERED that Plaintiff shall file his claims on a Court-approved Prisoner Complaint form. It is

FURTHER ORDERED that Plaintiff submit sufficient copies of the Third Amended Complaint to serve each named Defendant. It is

FURTHER ORDERED that, if Plaintiff fails to file, **within thirty (30) days from the date of this Order**, an original and sufficient copies of a Third Amended Complaint

that complies, to the satisfaction of the Court, with this Order the action will be dismissed without further notice.

DATED at Denver, Colorado, this 27 day of September, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 05-cv-01513-OES

Christopher Mitchell
a/k/a C. Eli-Jah Hakeem Muhammad
Reg. No. 02791-088
USP-MAX
P.O. Box 8500
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** the above-named individuals on 9-27-05

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk