IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 2 7 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-01513-OES

C. ELI-JAH HAKEEM MUHAMMAD, a.k.a. CHRISTOPHER MITCHELL,

    Plaintiff,

v.

J. SHATRELL(A.W. of P.), ADX-Step-Down Unit Screening Committee,
M. CRUZ (A.W. of O.), ADX-Step-Down Unit Screening Committee,
M. CHURCH (Captain), ADX-Step-Down Unit Screening Committee, and
M. COLLINS (Unit Manager), ADX-Step-Down Unit Screening Committee,

    Defendants.

---

ORDER DENYING MOTIONS FOR
PRELIMINARY INJUNCTION/PROTECTIVE ORDER

---

Plaintiff is a prisoner in the custody of the United States Bureau of Prisons (BOP), who currently is incarcerated at ADX Florence. Plaintiff has filed a **pro se** Prisoner Complaint alleging that Defendants have violated his rights under the United States Constitution concerning his placement. He also has filed two Motions for Preliminary Injunction/Protective Order requesting that the Court direct Defendants to place him in a less restrictive program and cease retaliation against him. The Court must construe the Motions liberally, because Plaintiff is a **pro se** litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a **pro se** litigant's advocate. **Hall**, 935 F.2d at 1110. For the reasons stated below, the Motions will be denied.

Plaintiff alleges that Defendants have retaliated against him for challenging the conditions of his confinement, in particular for his filing of prison grievances and lawsuits. He further contends that as retaliation he has been denied placement in less

restrictive programs.  Plaintiff also asserts that he has been denied placement in less restrictive programs due to his race.  He asks that the Court grant the Motions and direct Defendants to place Blacks and Latinos in less restrictive programs in the K-Unit and to restrain from retaliating against him.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest.  *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Although Plaintiff claims a substantial likelihood that he will prevail on the merits and that he will suffer irreparable harm if a preliminary injunction is not granted, he fails to allege any facts that demonstrate he is facing immediate and irreparable injury. Therefore, the Motions for Preliminary Injunction/Protective Order will be denied. Accordingly, it is

ORDERED that the Motions for Preliminary Injunction/Protective Order, filed September 14 and September 16, 2005, including Document Nos. 11 and 15, are denied.

DATED at Denver, Colorado, this 26 day of _____ Oct . _____, 2005.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  05-cv-01513-OES

C. Elijah Hakeem Muhammad
aka Christopher Hijrah Mitchell
Reg. No. 02791-088
ADX - Florence
PO Box 8500
Florence,  CO 81226

        I hereby certify that I have mailed a copy of the **ORDER** to the above-named
individuals on _10·27·05_

                                GREGORY C. LANGHAM, CLERK

                                By: _____
                                            Deputy Clerk