IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-01513-WYD-BNB

C. ELI-JAH HAKEEM MUHAMMAD a/k/a CHRISTOPHER MITCHELL,

Plaintiff,

v.

HARVEY CHURCH,
MARK COLLINS,
MAUREEN CRUZ, and
JOHN SHARTLE,

Defendants.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before me on **Plaintiff's Motion for Certification of the Class Pursuant to Rule 23(b)(2), Fed.R.Civ.P.** [Doc. #19, filed 9/27/06] (the "Motion"). For the following reasons, I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff seeks to certify a class of all Black and Latino prisoners who are confined or will be confined in ADX's "most restrictive parts of the behavior modification programs in E, F, and G Units." *Motion*, pp. 1-2.

A class action is a unique procedural device designed for the efficient administration of cases where factual and legal issues are common to a class. In re Intelcom Group Inc., Securities Litigation, 169 F.R.D. 142, 144 (D.Colo.1996). The party seeking class certification must demonstrate, under a strict burden of proof, that all of the requirements of Fed.R.Civ.P. 23(a) are met. Rex v. Owens, 585 F.2d 432, 435 (10th Cir.1978). Those elements include: (1) a class so

numerous that joinder is impractical; (2) common factual and legal questions; (3) representative claims that are typical of the claims of the class; and (4) a representative or representatives that will fairly and adequately protect the interests of the class. Id. In addition, at least one element of Rule 23(b) also must be satisfied. Green v. Nuveen Advisory Corp., 186 F.R.D. 486, 493 (N.D.Ill.1999).

In this case, the plaintiff relies on Rules 23(b)(2). Rule 23(b)(2) provides:

> (b) . . . An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:
>
> * * * * * *
>
> (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole . . . .

Fed.R.Civ.P. 23(b)(2).

When ruling on a motion for class certification, the inquiry is limited to whether the requirements of Rule 23 have been satisfied. In re Intelcom, 169 F.R.D. at 145. The Motion does not provide any meaningful discussion of the requirements of Rule 23.

In addition, the plaintiff is proceeding pro se and is not a lawyer. A non-lawyer may not act as counsel for others, including particularly as class counsel in a class action. See D.C.COLO.LCivR 11.1A (providing that "[o]nly *pro se* individual parties and members of this court's bar may appear or sign pleadings, motions, or papers").

I respectfully RECOMMENDED that the Motion be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 10 days after service of this recommendation to serve and file

specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated June 8, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge