IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-01513-WYD-BNB

C. ELI-JAH HAKEEM MUHAMMAD, a/k/a CHRISTOPHER MITCHELL,

    Plaintiff,

v.

HARVEY CHURCH,
MARK COLLINS,
MAUREEN CRUZ, and
JOHN SHARTLE,

    Defendants.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

THIS MATTER is before the Court on "Plaintiff's Motion for Certification of the Class Pursuant to Rule 23(b.)(2.), Fed. R. Civ. P." filed September 27, 2005. This motion was referred to Magistrate Judge Boland. A Recommendation of United States Magistrate Judge was filed June 8, 2006, and is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72(a). It is recommended therein that Plaintiff's motion seeking class certification be denied.

Specifically, Magistrate Judge Boland finds that Plaintiff did not meet his burden of showing that all the requirements of Rule 23 are met. *See* Recommendation at 1-2. Further, as Plaintiff is proceeding pro se and is not a lawyer, Magistrate Judge Boland finds that Plaintiff may not act as counsel for others and, particularly, as class counsel

in a class action. *Id.* at 2. Accordingly, it is recommended that Plaintiff's motion be denied. *Id.*

After receiving an extension of time, Plaintiff filed a timely Objection on June 22, 2006. Because the motion seeking class certification is nondispositive, I must review Magistrate Judge Boland's Order to determine whether it is "clearly erroneous or contrary to law." FED. R. CIV. P. 72(a). "An order is clearly erroneous when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Cook v. Rockwell Int'l Corp.*, 147 F.R.D. 237, 242 (D. Colo. 1993).

Plaintiff's objections, while very hard for the Court to decipher since Plaintiff's handwriting is almost illegible, argue that Plaintiff's motion for class certification was improperly denied because the motion met the requirements of Rule 23(a). Plaintiff argues in that regard that he brings a civil action pursuant to 28 U.S.C. § 1331 seeking to vindicate both his own rights and the rights of other ADX Black and Latino/Hispanic prisoners who are similarly situated and being denied equal opportunities for less restrictive programs. He further argues that the Defendants have a custom or policy to systematically discriminate against Black and Latino/Hispanic ADX prisoners, citing to exhibits attached to his objections.

Plaintiff's Objections must be overruled. The Objections, while arguing the merits of the action, fail to show how the requirements of Rule 23(a) are met. Even if I assume from the Objections that Plaintiff can show that there are questions of law or fact common to the class, which is doubtful, Plaintiff has not addressed the other

requirements of Rule 23(a).  Specifically, he does not show: (1) that the class is so numerous that joinder of all members is practicable, (2) that any claims or defenses of the representative parties (namely Plaintiff) are typical of the claims or defenses of the class; and (3) that the representative parties will fairly and adequately protect the interests of the class.  Even more importantly, Plaintiff does not address Magistrate Judge Boland's conclusion that Plaintiff as a non-lawyer may not act as counsel for others, particularly in a class action.  I agree with the Recommendation and find that Plaintiff's motion for class certification must be denied.[1]

Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge filed June 8, 2006, is **AFFIRMED and ADOPTED**.  In accordance therewith, it is

ORDERED that "Plaintiff's Motion for Certification of the Class Pursuant to Rule 23(b.)(2.), Fed. R. Civ. P." filed September 27, 2005, is **DENIED**.

Dated:  June 29, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge

---

[1] I also note that even if I were to construe the motion as a dispositive motion, which requires a de novo standard of review, I would affirm the Recommendation as proper.